### RICHMOND-CARCIA OIL CO. v. COATES.

(Circuit Court of Appeals, Fifth Circuit. January 31, 1927.)

No. 4853.

1. **Brokers** ⬤⇒43(1)—**Brokerage contract, entered into in Texas, relating to Texas land, held not governed by California laws requiring contract to be written, notwithstanding sale was completed in California.**

Where broker was employed in Texas to sell oil land located in Texas, but sale to purchaser produced by broker was completed in California in broker's absence, brokerage contract was Texas contract, and California law, requiring such contract to be written, did not apply.

2. **Brokers** ⬤⇒60—**Broker held entitled to commission on entire selling price, where completed contract was canceled by mutual consent of vendor and purchaser.**

Where, after sale of oil land to purchaser procured by broker was completed, transaction was canceled by mutual consent of vendor and purchaser, broker was entitled to commission on full selling price, and commission was not limited to initial cash payment.

In Error to the District Court of the United States for the Southern District of Texas; William B. Sheppard, Judge.

Action by George H. Coates against the Richmond-Carcia Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

L. D. Brown and Pat N. Fahey, both of Houston, Tex., for plaintiff in error.

T. C. Mann, of Laredo, Tex., and F. G. Coates, of Fort Worth, Tex. (Coates & Mastin, F. G. Coates and Cecil N. Cook, all of Fort Worth, Tex., and Mann, Neel & Mann and C. B. Neel, all of Laredo, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error, plaintiff below, recovered a verdict on which judgment was entered against plaintiff in error, defendant below, for $10,000, commission claimed on the sale of certain oil property in Webb county, Tex. The parties will be hereafter referred to as they appeared in the District Court.

[1] Error is assigned to the refusal of the court to give a special charge which, while somewhat lengthy and involved, amounted to a motion to direct a verdict in favor of defendant, on the ground that the contract sued on was a California contract and required by the laws of that state to be in writing.

There was evidence tending to show that plaintiff was authorized by defendant to make a sale of its oil property by Caubu, a director, general attorney and some times secretary of defendant, was promised payment of a commission to him, and that Caubu was authorized to represent defendant in the transaction. He succeeded in interesting Bates, the representative of the United Central Oil Company, in a purchase of the property, and, after the exchange of various telegrams and letters, Bates went to San Francisco and there closed the deal for $200,000, to be paid one-third cash and the balance represented by notes secured by deed of trust. There was also evidence tending to show that the minimum commission usually paid on the sale of oil properties in that vicinity was 5 per cent., which was the rate of commission allowed by the jury.

The property itself was located in Texas, and, while the transaction was ultimately completed in California, plaintiff was not there during the negotiations, and, if he had a contract, it was executed in Texas. By no stretch of the imagination could the contract between plaintiff and defendant be considered as governed by the laws of California.

Defendant further contends that plaintiff was a director of defendant, and therefore could not be an agent for the sale of its property entitled to a commission. This point does not appear to have been saved by proper exception or request for instructions, but in any event is without merit. Plaintiff denied he was a director, and the case went to the jury on this as on all other questions, on conflicting evidence. It was not error to refuse this request.

[2] Error is also assigned to the refusal of the court to submit a charge to the effect that, if plaintiff recovered at all, the recovery could not exceed 5 per cent. on $66,666.66, the cash payment made on the property.

There was evidence tending to show that, after the deal had been completed, by mutual consent it was set aside and the property was retaken by the defendant and the notes and deed of trust canceled. This however was no concern of the plaintiff. If he earned a commission at all, he earned it on the full price for which the property was sold, and his commission could not be reduced by the subsequent transaction. There is no error shown in the refusal of this charge.

Other errors assigned run to the overruling of a demurrer and to the admission and exclusion of evidence. They are so wholly lacking in merit as to require no discussion.

As no errors appear in the record, the judgment appealed from is affirmed.